SUMMARY ORDER
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD *255 JUDGED, AND DECREED that the judgment of the district court be and hereby is AFFIRMED in part.
Plaintiff-Appellant Paul Weintraub appeals from a judgment of the United States District Court for the District of Connecticut (Peter C. Dorsey, District Judge), affirming in part and reversing in part the rulings of the United States Bankruptcy Court for the District of Connecticut (Alan H.W. Shiff, Bankruptcy Judge) with respect to Weintraub’s claim for $937,898.00 as an expense of administration from Defendants-Appellees Bridgeport Jai Alai, Inc. (the “Company”) and A. Robert Zeff. Our review of the district court’s decision is plenary. This means that, like the district court, we review the bankruptcy court’s conclusions of law de novo and its findings of fact for clear error. See In re Ionosphere Clubs, Inc., 922 F.2d 984, 988-89 (2d Cir.1990); In re Manville Forest Products Corp., 896 F.2d 1384, 1388 (2d Cir.1990).
We begin with Weintraub’s contention that he is entitled to a base salary increase from $150,000 to $200,000, pro-rated for the period from November 1, 1995 to August 18, 1997 (i.e., to $89,583), pursuant to Paragraph 3 of his contract of employment (the “Contract”). Paragraph 3 of the Contract provides:
The Company shall pay, and Executive shall receive, salary for all services rendered hereunder as follows: $150,000 for each year of the term hereof. However, in the event (hereinafter referred to as a “Funding”) that the Company, any affiliated entity, or entity in which A. Robert Zeff is a principal investor, (a) obtains funds (exclusive of funds contributed directly or indirectly from A. Robert Zeff) sufficient to convert the Company to a dog track, or (b) obtains funds sufficient to engage in or engages in any gaming business in addition to or in lieu of its current jai alai and simulcasting Business (provided, however, that if the Company engages in slot machines or table games in direct competition in the Greater Bridgeport area with a casino not owned by the Company, any affiliated entity, or any entity in which A. Robert Zeff is a principal investor, then the conditions of this clause (b) have not occurred), the Executive’s salary shall be increased to $200,000, pro rated for the remainder of that year, and for each subsequent year of the term hereof.
The parties do not dispute that the only forms of gambling offered by the Company were first jai alia and then dog racing, and that the requirements of clause (a) were not satisfied because Zeff, the president of the Company, provided the funds necessary to convert the Company to a dog track. The salary increase is therefore available to Weintraub only if dog racing constitutes a “gaming business,” within the meaning of clause (b). Interpreting the phrase “gaming business” to include “dog racing,” would, however, render clause (a) superfluous and nullify the source-of-funds limitation that it imposes: If the Company obtained funds to convert the Company to a dog track (that is, to construct and operate the track) from a source other than Zeff, then a “Funding” would be deemed to occur under both clauses (a) and (b), and if Zeff contributed the necessary funds, then a “Funding” would be deemed to occur under clause (b), notwithstanding the limitation set forth in clause (a). Connecticut law, which governs construction of the Contract, counsels against imposing such an interpretation, see United Illuminating Co. v. Wisvest-Connecticut, LLC, 259 Conn. 665, 791 A.2d 546, 552 (2002) (“The law of contract interpretation militates against interpreting a contract in a way that renders a provision superfluous.”); Dugan v. Grzybowski, 165 Conn. 173, 332 A.2d 97, 100 (1973) (“[Rjules of *256 construction ... dictate giving effect to all the provisions of a contract, construing it as a whole and reconciling its clauses.”), and we see no reason for doing so. Accordingly, we find, as did the district court, that the Contract is unambiguous and that the compensation increase is not available to Weintraub.
As to Weintraub’s contention that he is owed $700,000 in retirement benefits and $17,500 in continued medical benefits pursuant to Paragraph 14 of the Contract, we agree with the district court’s conclusion, though we do not adopt its reasoning, that the Company is not obligated to pay these amounts. Paragraph 14 of the Contract provides in pertinent part:
At the expiration or termination of this Agreement or any renewal of this Agreement pursuant to Paragraph 1 hereof, provided, however, that the Company obtains Funding, in consideration for the number of years of loyal and faithful employment with the Company, the Company shall make the following payments, and provide the following benefits, to Executive....
(emphasis added). A Funding (with a capital “F”) is, in turn, defined in Paragraph 3 to occur when the requirements of either clause (a) or clause (b) of that Paragraph are satisfied. Because, as addressed supra, the conditions of neither of these clauses have been met, the Company has not “obtain[ed] Funding,” as required under Paragraph 14 to trigger Weintraub’s entitlement to the benefits set forth therein, i.e. to retirement and continued medical benefits. We therefore deny this aspect of Weintraub’s claim.
Because we find that Weintraub has no contractual right to increased compensation under Paragraph 3 or to retirement and continued medical benefits under Paragraph 14, Weintraub’s arguments that these obligations vested post-petition and should be accorded first priority in bankruptcy as expenses of administration are moot. We therefore do not address these issues. Also, because no money judgment has been awarded, we need not reach the question of whether Weintraub would be entitled to prejudgment interest on any such award.
Accordingly, for the foregoing reasons, we AFFIRM the judgment of the district court to the extent that it reverses the bankruptcy court’s finding that Weintraub is owed increased compensation under Paragraph 3 of the Contract and retirement and continued medical benefits under Paragraph 14 of the Contract. We otherwise decline to either affirm or reverse the district court’s judgment.